UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIE G. HARRIS,

     Plaintiff,

v.                                  Case No. 5:15cv302-LC-CJK

CRUTCHFIELD, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the court on defendants' motion to dismiss.  (Doc. 34).[1]  Plaintiff responded in opposition.  (Doc. 36).  The matter is referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).  After careful consideration of the parties' submissions and the relevant law, the undersigned recommends that the motion be granted and plaintiff's claims be dismissed due to his failure to exhaust his administrative remedies.

## BACKGROUND

Plaintiff Willie G. Harris, proceeding *pro se* and *in forma pauperis*, is an inmate of the Florida penal system currently confined at Dade Correctional

---

[1] The references to document and page numbers will be to those automatically generated by the CM/ECF system.

Institution.  He initiated this action on November 14, 2015, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. 1).  The complaint names four employees of Northwest Florida Reception Center ("NWFRC") as defendants: Captain Barber, Captain Crutchfield, Major Holden, and Colonel Jones.  The complaint and the grievances attached thereto set forth the factual allegations that follow.

On September 18, 2015, plaintiff's cellmate at NWFRC was released.  The next morning, Captain Crutchfield and Major Holden approached plaintiff's cell and told him "to stick [his] hands out of [the cell] door to be handcuff[ed] from behind." Plaintiff asked "for what reason" but Holden "stated just because I said so."  Five minutes later, plaintiff placed his hands out of the door.  Crutchfield and Holden "both knew [the] cell had three mats and [Religious Diet Program] cups in it." Crutchfield and Holden also knew that plaintiff is "not a R.D.P. inmate" and there is "[no] way cups and spoons could've been" his.  As a result of finding the Styrofoam cup and plastic spoon, Crutchfield and Holden wrote plaintiff a disciplinary report and stripped his cell and body "to nothing."  Although they told plaintiff he would be on "strip" for 72 hours, it lasted for 168 hours.  Crutchfield and Holden also placed plaintiff on "loaf," a restricted diet of bread and water, for 168 hours.

On October 1, 2015, Captain Barber and Colonel Jones found a Styrofoam cup and plastic spoon in plaintiff's cell. Plaintiff claims these belonged to his

cellmate.  Barber and Jones wrote plaintiff a disciplinary report and placed him on strip for 120 hours and loaf for 168 hours.  Plaintiff lost 23 pounds due to being placed on the restricted diet on September 19 and October 1.

Based on the foregoing, plaintiff alleges the defendants violated his rights under the Eighth Amendment.  As relief, he seeks $1,700 from each defendant for each day he was placed on strip and each day he received bread and water.

## DISCUSSION

Defendants argue plaintiff failed to exhaust his administrative remedies concerning his placement on strip and loaf.

Exhaustion Requirement

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   28 U.S.C. § 1997e(a).   Exhaustion of all available administrative remedies is a mandatory pre-condition to suit.  *See Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").  The

exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter*, 534 U.S. at 524. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *See Booth*, 532 U.S. at 734. The requirement is not subject to waiver by a court, or futility or inadequacy exceptions. *See id.* at 741 n.6; *McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."). Moreover, the Prison Litigation Reform Act ("PLRA") requires "proper exhaustion" so that the agency has an opportunity to address the issues on the merits. *Woodford v. Ngo*, 548 U.S. 81, 93-94, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); *see also id.*, 548 U.S. at 95 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."). A court must dismiss an action if satisfied that the plaintiff failed to properly exhaust his available administrative remedies prior to filing suit. *See Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000).

The grievance procedures promulgated by the Florida Department of Corrections require an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then

(3) submit an appeal to the Office of the Secretary.   Fla. Admin. Code r. 33-103.005

to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218

(11th Cir. 2010).

<u>Procedure for Ruling on Motion to Dismiss for Failure to Exhaust Administrative
Remedies</u>

In *Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008), the Eleventh Circuit

outlined the procedure district courts should follow when presented with a motion

to dismiss for failure to exhaust administrative remedies under the PLRA.   The

defense of failure to exhaust should be treated as a matter in abatement.  *Id*. at 1374.

"This means that procedurally the defense is treated 'like a defense for lack of

jurisdiction,' although it is not a jurisdictional matter."  *Turner v. Burnside*, 541 F.3d

1077, 1082 (11th Cir. 2008) (*quoting Bryant*, 530 F.3d at 1374).  Because exhaustion

is a matter in abatement, "it should be raised in a motion to dismiss, or be treated as

such if raised in a motion for summary judgment."   *Bryant*, 530 F.3d at 1374-75

(citation and internal quotation omitted).

Deciding a motion to dismiss for failure to exhaust administrative remedies

involves two steps.  *See Turner*, 541 F.3d at 1082.  "First, the court looks to the

factual allegations in the defendant[s'] motion to dismiss and those in the plaintiff's

response, and if they conflict, takes the plaintiff's version of the facts as true.  If, in

that light, the defendant is entitled to have the complaint dismissed for failure to

exhaust administrative remedies, it must be dismissed." *Id*. (*citing Bryant*, 530 F.3d at 1373-74).

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. (*citing Bryant*, 530 F.3d at 1373-74, 1376).  "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies."  *Id*. (*citing Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)).  "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies."  *Id.* at 1083.

<u>Plaintiff's Administrative Grievances</u>

Plaintiff was required to exhaust his administrative grievances before November 14, 2015, the date he turned the complaint over to prison officials for mailing.  *See Houston v. Lack*, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (Under the "prison mailbox rule," a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.). Defendants argue plaintiff's claims should be dismissed because he never properly submitted a grievance appeal to the Office of the Secretary.  They show that the grievance appeals plaintiff submitted to the Office of the Secretary from September

to November 2015 were returned without action because he did not include a copy of an institutional grievance or provide a reason for bypassing the institutional grievance level. (Doc. 34-1 – Doc. 34-8); *see* Fla. Admin. Code r. 33-103.014(f), (g) (a grievance appeal may be returned without processing if an inmate fails to provide a valid reason for bypassing the previous levels of review or does not properly attach the previously-filed formal grievance and response).

In response, plaintiff asserts he was unable to properly file a grievance appeal because Captain Crutchfield destroyed all the formal grievances plaintiff submitted concerning the events described in the complaint. Plaintiff, however, never informed the Office of the Secretary that Crutchfield's actions prevented plaintiff from attaching a formal grievance. Moreover, the claim that Crutchfield destroyed the institutional grievances plaintiff submitted is not supported by the record, which contains two formal grievances plaintiff filed, mentioning Crutchfield, which were denied by Colonel Jones. (Doc. 34-10 – Doc. 34-11). On this record, plaintiff simply failed to properly exhaust the claims concerning his placement on strip and loaf. The claims, therefore, should be dismissed without prejudice.[2] *See Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) ("An inmate incarcerated in a state

---

[2] The defendants' motion to dismiss also argues: (1) defendants are entitled to Eleventh Amendment immunity to the extent they are sued in their official capacities; and (2) plaintiff is not entitled to compensatory or punitive damages under 42 U.S.C. § 1997e(e) because he did not suffer a physical injury. (Doc. 34, p. 15-18). Because the undersigned recommends that plaintiff's claims be dismissed based on his failure to properly exhaust the administrative remedy process, the remaining arguments raised in defendants' motion will not be addressed.

prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983.").

Accordingly, it is respectfully RECOMMENDED:

1.    That defendants' motion to dismiss (doc. 34) be GRANTED and plaintiff's claims be DISMISSED WITHOUT PREJUDICE due to his failure to exhaust the administrative remedy process.

2.    That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of November, 2016.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.   A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.